[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff pursues this administrative appeal from the decision of the defendant Planning and Zoning Commission of the Town of Newington (Commission) denying his applications for special exceptions to Section 6.7 et. seq. of the Newington Zoning Regulations to create rear lots on Culver street in the Town of Newington.
Evidence was presented as to aggrievement of the plaintiff by the denial of plaintiff's application for a variance by the defendant Commission and the court so finds.
The plaintiff's real estate, involved in this appeal, are two adjoining lots facing on Culver street in the town of Newington. Two separate applications were filed, all facts are identical for each lot, so both the applicant and the Board treated the applications as one at the hearings and in the Board's decision.
The plaintiff-appellant sought two special exceptions from the defendant Commission to create two rear lots from the two adjoining lots on Culver Street.
The defendant denied the plaintiff's petitions for the special exceptions after a full hearing.
The plaintiff complains in his appeal that the defendant Commission acted illegally and in abuse of its discretion in denying the application in that it did not consider the application was in compliance with all requirements for the special permit; that the reasons for the denial were inadequate and improper; and, that, the zoning regulations lack an objective standard upon which a special exception can be based.
Both parties agree that the defendant Commission does have the authority to grant the special exception requested, under both Section 8-6 of the Conn. Gen. Stat. and the Newington Zoning Regulations.
In granting a special exception the defendant Commission must be satisfied that the proposed use applied for is expressly permitted by the zoning regulations, and that it satisfies the standards set forth in the zoning regulations as well as the conditions necessary to protect the public health, safety, convenience and property values set out in General Statutes CT Page 12619 § 8-2. Housatonic Terminal Corp. v. Planning and Zoning Board,169 Conn. 304, 307 (1975).
The court may not substitute its judgment for that of the defendant as to the weight of the evidence on questions of fact. The court may reverse or modify the decision where substantial rights of the appellant have been prejudiced. Section4-183 C.G.S.
After review of the record and the briefs of the parties the court finds no basis for interfering with the decision of the defendant Board.
The factual situation is as follows:
Appellant is the owner of the real estate which is the subject of this action. He had previously applied to the defendant appellee for a division of this real estate, i.e., one lot before the present two lot division, into a 4 lot subdivision. This application was denied by the appellee Commission.
Thereafter, the appellant divided the real estate into two halves, as Lots 1 and 2, with each lot abutting Culver Street. He then filed two requests for a special exception to Section 6.7 of the Zoning Regulations. One for each lot, in which he sought to have each lot, 1 and 2, further divided into a front and a rear lot.
The defendant Planning and Zoning Commission held a hearing on the plaintiff's applications and rendered its decision denying plaintiff's applications.
The plaintiff in his appeal contends that the defendant erred in its decision and asks that the Commission's decision be reversed.
The defendant admits that the plaintiff's division of his property into two lots was permitted by the zoning ordinances. It's consideration of the special exception application was thorough. The plaintiff had adequate opportunity to present his case and to respond to the concerns raised by the Commission members. The Commission, during its discussions, showed specific concern as to the problems raised by the application; i.e., the placement of the driveway between the two front lots to reach the rear lots. It considered the placement CT Page 12620 of utilities, the maintenance of the roadway including snowplowing and pavement repairs. The need for cooperation by all four lot owners regarding use and upkeep of the driveway of sufficient width to provide access to fire department vehicles and personnel. The topography of the lots and the effect of water runoff on adjoining properties. The effect of the granting of the special exception as a precedent setting decision that could have adverse consequences if permitted in other similar situations.
Further, the Commission considered the fact that its approval was not final. The result of an approval would create a subdivision that would require another application by the plaintiff for a subdivision approval by the defendant Commission.
The Commission also considered the location of proposed houses, on the lots, and the relationship to one another and to adjoining areas.
Thus, the Commission had thoroughly explored the effects of granting the special exception as well as the duties imposed on it by the zoning ordinances before issuing its ruling denying plaintiff's application.
The court finds that the defendant Commission had an adequate basis for reaching its decision. That it had not acted arbitrarily, nor did it abuse its discretion. It took into consideration fully the proposed division of the lots, the use planned, the needs of the applicant, and balanced them against the effect on the plaintiff's land and the effect on the adjoining areas. The Commission also applied the requirements set out in the Zoning Ordinances and state statutes in reaching its decision.
Therefore, the court finds that the Commission's denial was reasonably based upon the evidence presented, and in the application of the relevant law.
Therefore, the appeal is denied and the decision of the Commission is affirmed.
JULIUS J. KREMSKI STATE TRIAL REFEREE CT Page 12621